IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re: W.R. Grace, *et al.*

---

| | |
|---|---|
| Mission Towers, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>W.R. Grace, *et al.*, )<br>)<br>Appellees. )<br>) | Civil Action No. 07-287<br><br>Bankruptcy Case No. 01-01139 (JKF)<br>Bankruptcy Appeal No. AP 07-16 |

**JOINT APPELLANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

Appellants have respectfully moved the Court for permission to supplement the record with two items: (1) a March 13, 2002 letter from Grace's counsel to the Bankruptcy Court and (2) the affidavit of Professor John Freeman. (*See* Exhibits A and B, Joint Appellants Motion to Supplement the Record, Docket No. 14). The Debtors have objected to the inclusion of these two items, alleging that they have "nothing to do with the one supplemental item added by Grace." (Debtors' Response in Opposition, Docket No. 16, p. 2). This assertion is simply incorrect.

The one supplemental item added by Grace was the transcript of a hearing before the bankruptcy court on October 31, 2005. Although 44 claims at issue in this appeal were not a party to the bankruptcy court's October 31, 2005 ruling, Grace claims that supplementation of the record with that item was necessary to show that the bankruptcy court had previously rejected one of the legal positions it claims the Appellants have raised in the appeal. If this were

true, then the 44 Appellants should be permitted to also supplement the record with other evidence relevant to the October 31, 2005 hearing. Both of Appellants' proposed supplemental items fit that bill.

First, the central legal argument presented at the October 31, 2005 hearing was the application and effect of *In re American Reserve*, 840 F.2d 487 (7th Cir. 1987) to the Grace bankruptcy proceedings. That case was cited to the court 17 times during the October 31, 2005 hearing. However, as the letter of Grace's counsel to the bankruptcy court submitted prior to the bar date shows, the position Debtors took regarding the *American Reserve* case was quite different from that argued at the October 31, 2005 hearing and that taken by Grace in this appeal. Specifically, the letter from Grace's counsel (Exhibit A, Docket No. 14) argues under *American Reserve*, a motion for class certification is premature until there has been a bar date, proofs of claim filed and objections to claims. In contrast, in its appellate response, the Debtors argue that Speights & Runyan as class counsel was required to obtain authority from all its putative class members (including the 44 claimants subject to this appeal) prior to the bar date, and that post-bar date authorization was not timely as a matter of law. (Grace Appellate Response, p. 20, Docket No. 8). The Appellants are entitled to supplement the record with the Debtors' prior inconsistent position.

Second, as with the references to *American Reserve*, the contents of the Freeman Affidavit (Exhibit B, Docket No. 14) were presented to the bankruptcy court at the October 31, 2005 hearing. (*See* Docket No. 11025, pp. 46, 63). This evidence established that Speights & Runyan, as class counsel, sought and obtained specific advice from an expert in ethics and class actions prior to filing claims in the Grace bankruptcy and that Speights & Runyan had an ethical obligation to preserve the claims of absent class members. This evidence specifically refutes

Grace's appellate argument that Speights & Runyan failed to establish the basis of its authority to file claims on behalf of absent class members. (Grace Appellate Response, p. 8-9, Docket No. 8).

Third, while Joint Appellants did not object to Grace's motion to supplement the record, but they did reserve the right to ask for supplementation of additional materials raised by Grace's supplementation. (Docket No. 10). While Joint Appellants recognize that this Court has the final say on matters added to the record on appeal, out of fairness, Joint Appellants respectfully request that this Court permit the supplementation of the record with these two items which clearly relate to the October 31, 2005 hearing that Grace has added to the record.

DATED: October 8, 2007

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:	(302) 654-0248
Facsimile:	(302) 654-0728
E-mail:	loizides@loizides.com

- and –

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC  29924
Telephone:	(803) 943-4444
Facsimile:	(803) 943-4599

*Counsel for Joint Appellants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re: W.R. Grace, *et al.*

---

| | |
|---|---|
| Mission Towers, ) | |
| ) | |
| Appellant, ) | Civil Action No. 07-287 |
| ) | |
| v. ) | Bankruptcy Case No. 01-01139 (JKF) |
| ) | Bankruptcy Appeal No. AP 07-16 |
| W.R. Grace, *et al.*, ) | |
| ) | |
| Appellees. ) | |

## CERTIFICATE OF SERVICE

I, Christopher D. Loizides, hereby certify that on the 8th day of October, 2007, I did cause to be served copies of the foregoing **Joint Appellants' Reply Memorandum in Support of Motion to Supplement the Record on Appeal** on the parties listed and in the manner indicated on the attached service list.

DATED: October 8, 2007

_____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:   (302) 654-0728
E-mail:   loizides@loizides.com

071008131053.DOC

**SERVICE LIST**

**VIA FACSIMILE AND FIRST CLASS MAIL**

Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 No. Market Street, 17th Floor
Wilmington, DE 19801
*Fax:   (302) 652-4400*

David M. Bernick, Esquire
Janet S. Baer, Esquire
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601
*Fax:   (312) 861-2200*

James J. Restivo, Jr., Esquire
Douglas E. Cameron, Esquire
Traci S. Rea, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
*Fax:   (412) 288-3063*


**VIA FIRST CLASS MAIL**

Teresa K. D. Currier, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE 19801

Marla R. Eskin, Esquire
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801

Michael R. Lastowski, Esquire
Duane Morris, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801

David M. Klauder, Esquire
Office of the United States Trustee
844 N. King Street, Room 2207
Wilmington, DE 19801

Theodore Tacconelli, Esquire
Ferry Joseph & Pearce P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899-1351

John C. Phillips, Jr., Esquire
Phillips Goldman & Spence P.A.
1200 No. Broom Street
Wilmington, DE 19806

Lewis Kruger, Esquire
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Peter Van N. Lockwood, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Roger Frankel, Esquire
Richard H. Wyron, Esquire
Orrick Herrington & Sutcliffe LLP
3050 K Street, N.W., Suite 200
Washington, DC 20007-5135

Scott Baena, Esquire
Bilzin Sumberg Baena Price & Axelrod LLP
First Union Financial Center
200 So. Biscayne Bl., Suite 2500
Miami, FL 33131-2336

David B. Siegel
W.R. Grace & Company
7500 Grace Drive
Columbia, MD 21044